UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| HAZEL D. OUBER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 15-100-SDD-RLB |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 3, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| HAZEL D. OUBER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 15-100-SDD-RLB |
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION, ET AL . | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Hazel D. Ouber ("Plaintiff"). (R. Doc. 14). The motion is opposed by defendant JPMorgan Chase Bank, N.A. ("Chase"). (R. Doc. 15). Based on the applicable law and the analysis which follows, the Motion to Remand should be denied.

**I.  Procedural History and Background**

This action concerns an allegedly wrongful seizure and sale of foreclosed property in Livingston Parish, Louisiana ("Subject Property"). On or about August 5, 2011, Chase filed a Petition for Executory Process in the 21st Judicial District Court, Livingston Parish, Louisiana ("State Court") requesting that the court issue a writ of seizure and sale directing the sale of the Subject Property in light of Plaintiff's default on his mortgage payments.[1] On August 18, 2011, the court issued the requested writ.[2] On September 8, 2011, Plaintiff filed a Petition for Preliminary Injunction seeking to enjoin the seizure and sale of the Subject Property. (R. Doc. 1-1 at 4-6). The Petition for Preliminary Injunction was dismissed without prejudice on March 31, 2014.[3]

On January 20, 2015, Plaintiff filed a "Petition for Damages and Annulment of Sale" alleging that the seizure and sale of the Subject Property was wrongful, naming as defendants Chase

---

[1] This document is an attachment to Chase's Motion to Dismiss. (R. Doc. 10-2).
[2] This document is an attachment to Chase's Motion to Dismiss. (R. Doc. 10-4).
[3] This document is an attachment to Chase's Motion to Dismiss. (R. Doc. 10-9 at 1).

1

and Jason Ard, in his capacity as Livingston Parish Sheriff ("Sheriff"). (R. Doc. 1-1 at 1-3). Plaintiff alleges that she only agreed to seek dismissal of her Petition for Preliminary Injunction in return for Chase's agreement to amend her payment plan. (R. Doc. 1-1 at 1). Plaintiff alleges that the defendants did not provide her or her counsel notice of the seizure and sale of her property in December of 2014. (R. Doc. 1-1 at 1-2). Plaintiff alleges that the "actions of the defendants were under color of state law and resulted in an illegal taking of property by abuse of process" in violation of the Fifth and Fourteenth amendments of the United States and Louisiana constitutions. (R. Doc. 1-1 at 2). Plaintiff seeks damages for the loss of her home, embarrassment, mental anguish, and other damages to be established at trial. (R. Doc. 1-1 at 2). Plaintiff also requests that the sale be set aside, title to the property to be returned to her, and a restraining order and preliminary injunction be issued preventing Chase from evicting her. (R. Doc. 1-1 at 3).

On February 23, 2015, Chase removed the action to this court alleging federal question jurisdiction and diversity jurisdiction. (R. Doc. 1).[4] Chase asserts that this court has federal question jurisdiction because Plaintiff "seeks a judgment annulling the foreclosure sale under alleged violations of the 5th and 14th Amendments of the Constitution of the United States." (R. Doc. 1 at 3). With regard to diversity jurisdiction, Chase alleges that Plaintiff is a citizen of Louisiana, Chase is a citizen of Ohio and New York,[5] and the Sheriff is a citizen of Louisiana. (R. Doc. 1 at 5). Chase alleges that because Plaintiff does not assert any allegations against the Sheriff, he is merely a nominal party and his citizenship is not considered for the purpose of determining diversity jurisdiction. (R. Doc. 1 at 5). Chase also asserts that the amount in controversy requirement has been satisfied as it is facially apparent from the Petition. (R. Doc. 1 at 5-6).

---

[4] Chase filed an Amended Notice of Removal on February 25, 2015. (R. Doc. 3).
[5] "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. "[A] national bank, for §1346 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2005). Chase alleges that its main office is located in the State of Ohio, and its principle place of business is located in the State of New York. (R. Doc. 1 at 5).

2

On March 25, 2015, Plaintiff moved to remand on the basis of lack that the presence of the Sheriff as an interested party destroys complete diversity. (R. Doc. 14).

## II. Arguments of the Parties

In support of remand, Plaintiff argues that the Sheriff's citizenship must be considered because he is a "stakeholder in the proceedings" and the matter should therefore be remanded for lack of complete diversity. (R. Doc. 14-1 at 2). Plaintiff states that the Sheriff was a named party in the Petition for Preliminary Injunction, and the Sheriff sold the property without notifying Plaintiff or her counsel. (R. Doc. 14-1 at 1). Furthermore, Plaintiff argues that since the Sheriff collected fees from the sale and passed title to the purchaser, he was a "willing participant" on the sale, and so in the case of proving a wrongful seizure, the Sheriff is subject to return of the fees as well as any other damages. (R. Doc. 14-1 at 1-2).

In opposition, Chase claims that the Sheriff is merely a nominal party and his presence does not defeat diversity jurisdiction. First, Chase argues that it is uncontested that the Subject Property exceeds $75,000, and thus the amount in controversy for diversity jurisdiction is appropriate. (R. Doc. 15 at 5). Second, Chase argues that Plaintiff's attempts to label the Sheriff as a "stakeholder" are improper as Plaintiff asserts no allegations against the Sheriff in the Petition. (R. Doc. 15 at 6). Lastly, even assuming that the Sheriff does defeat diversity, Chase argues that the court still has jurisdiction over this matter based on federal question jurisdiction, as Plaintiff seeks a judgment annulling the foreclosure sale due to alleged violations of the Fifth and Fourteenth Amendments of the United States Constitution. (R. Doc. 15 at 4-5). Under both these theories, Chase requests this court to deny the Motion to Remand, as removal has been proper.

## III. Law and Analysis

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). The burden is on

3

the removing party to show "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The jurisdictional facts must be judged as of the time the complaint is filed. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

    A.    **Federal Question Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The court must evaluate the plaintiff's pleadings to determine whether a federal claim has been alleged against the defendant. *Sarmiento v. Texas Bd. of Veterinary Med. Examiners By & Through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991). "Generally, if it appears from the face of the complaint that a federal claim is without merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds." *Id*. (citing *Bell v. Hood*, 327 U.S. 678 (1946)). "However, dismissal for want of jurisdiction is appropriate if the federal claim is frivolous or a mere matter of form." *Id*. (citing *Hagans v. Lavine,* 415 U.S. 528 (1974); *Bell*, 327 U.S. 678)).

Here, Plaintiff alleges the actions of the defendants resulted in an illegal taking of the Subject Property by abuse of process and violations of the Fifth and Fourteenth Amendments of the United States Constitution. On its face, this asserts a federal question, thereby providing the court with jurisdiction under 28 U.S.C. § 1331. Plaintiff does not dispute that there is federal question jurisdiction.

For a claim that a plaintiff has not received just compensation for a taking of property in a violation of the Takings Clause of the Fifth and Fourteenth Amendments to be ripe, the plaintiff must first seek compensation through state-provided procedures. *John Corp. v. City of Houston*, 214 F.3d 573, 581 (5th Cir. 2000). Assuming plaintiff has a valid cause of action that a constitutional

4

"taking" has occurred, Louisiana law provides an avenue for which Plaintiff could seek compensation. *See Barmar, L.L.C. v. City of Alexandria, Louisiana*, No. 04-cv-2301, 2005 WL 2898643, at *1 (M.D. La. Oct. 28, 2005) (citing La. R.S. § 13:5111). There is no evidence in the record that Plaintiff has exhausted any available state procedure for seeking compensation for the alleged taking prior to bringing a claim pursuant to the Takings Clause. Accordingly, to the extent Plaintiff is seeking just compensation for the alleged "taking" of her property, that claim is not ripe and the court cannot exercise federal question jurisdiction over it. *John Corp.*, 214 F.3d at 581.

The Fifth Circuit has also held, however, that "when a state interferes with property interests, a substantive due process claim *may* survive a takings analysis and, therefore, provide jurisdiction for a federal court." *Simi Investment Company, Inc. v. Harris County, Texas,* 236 F.3d 240, 249 (5th Cir.2000) (emphasis in original). In her Petition, Plaintiff alleges that the "actions of the defendants were under color of state law and resulted in an illegal taking of property by abuse of process" in violation of the Fifth and Fourteenth Amendments. (R. Doc. 1-1 at 2). Plaintiff further alleges that the "taking" was illegal on the basis that the defendants acted "with no notice to her or her enrolled counsel." (R. Doc. 1-1 at 2). Plaintiff appears to be alleging that the defendants, including the sheriff, violated her substantive due process rights by failing to provide sufficient notice of the sale of her property, essentially allowing the foreclosure to proceed with no notice or opportunity to defend in an adversarial proceeding.

Based on the foregoing, the court has federal question jurisdiction over Plaintiff's claims subject to 28 U.S.C. § 1331.[6] The court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

---

[6] While the court determines at this time that Plaintiff's constitutional claim is sufficient to exercise jurisdiction, the court makes no decision on the merits as to whether Plaintiff's claim is otherwise viable.

### B. Diversity Jurisdiction

As a separate independent basis of subject matter jurisdiction, Chase asserts that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).

#### 1. Amount in Controversy

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* In an action for declaratory relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

Chase claims that it is facially apparent that the value of the property sold at the foreclosure sale exceeds $75,000.00, exclusive of interest and costs. (R. Doc. 1 at 5-6). The court disagrees, as there is no mention of the value of the property in the Petition. Furthermore, as discussed below, it is the Plaintiff's interest in the property that controls the amount in controversy, and that interest is

not alleged in the Petition. Accordingly, the court must consider whether any facts in controversy have been set forth by Chase supporting a finding of the jurisdictional amount.[7]

This court has held that where a homeowner is seeking recovery for damages resulting from the seizure and sale of a home, the amount in controversy is measured not by the value of the home but by the Plaintiff's equity in the home. *See Rodriguez v. Wells Fargo Bank, N.A.*, No. 12-cv-690, 2014 WL 3499336, at *6 (M.D. La. July 15, 2014). Chase has submitted its Petition for Executory Process filed in state court, along with an attached Promissory Notice. (R. Doc. 10-2). These documents do not fully demonstrate the value of the Subject Property or the equity that Plaintiff had in the property prior to the foreclosure sale. At most, these documents demonstrate that Plaintiff's principal balance was $174,704.00 on December 4, 2009 (when the loan was initiated) and $171,260.91 on January 1, 2011 (when the default allegedly occurred). (R. Doc. 10-2 at 5-6). These documents do not demonstrate the value of the Subject Property at the time of purchase or any down payment made by Plaintiff toward the mortgage. At most, these documents demonstrate that Plaintiff had approximately $3,500 in equity at the time of the sheriff's sale. Without more information, Chase cannot demonstrate that Plaintiff's equity in the Subject Property exceeded the amount in controversy requirement.

Accordingly, Chase has failed to meet its burden of establishing that the amount in controversy requirement for diversity jurisdiction is satisfied.

### 2. Complete Diversity

There is no dispute that although Chase and Plaintiff are diverse, the Sheriff's citizenship, if considered, would destroy complete diversity. Chase claims that the Sheriff's citizenship should be ignored because he is a "nominal" party. Plaintiff claims that the Sheriff is not a "nominal" party

---

[7] The court is aware that Plaintiff has not argued that the amount in controversy requirement is not satisfied. Nevertheless, the court has a continuing duty to examine its own jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

and his citizenship should be considered for purposes of diversity jurisdiction, thus making removal improper.

"Whether a party is nominal for removal purposes depends on whether, in the absence of the party, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006). An alternate articulation of the test is whether or not a named party's "role in the lawsuit is that of a depositary or stakeholder." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of North America*, 427 F.2d 325, 327 (5th Cir. 1970). "[T]he citizenship of a nominal party is disregarded in determining the existence of diversity jurisdiction as only the citizenship of the parties with a real interest in the case will be considered." *See also State of La., ex rel. Ieyoub v. Borden Inc.*, No. 94-cv-3640, 1995 WL 59548, at *1 (E.D. La. Feb, 10, 1995); *see also Diaz v. Recontrust Co.*, No. 10-cv-311, 2011 WL 148262, at *1 (S.D. Miss. Jan. 18, 2011) ("[M]ere formal parties do not oust the jurisdiction of the court, even if they are without the requisite citizenship, where it appears that the real controversy is between citizens of different States.") (quoting *Walden v. Skinner*, 101 U.S. 577, 589 (1879)). As with improper joinder, the Fifth Circuit has held that to establish that a defendant is a nominal party, "the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981)).

Plaintiff argues that the Sheriff is a "stakeholder" in the lawsuit and thus remand is appropriate. In support of this argument, Plaintiff states that the Sheriff was a named party in the Petition for Preliminary Injunction and "reset the sale" upon request by Chase without notice to Plaintiff or her counsel. (R. Doc. 14 at 1). Plaintiff argues that the Sheriff is a proper party since he

set the sale, collected fees from the sale of the home, and passed title to the purchaser, which should be considered "acts" that make the Sheriff a willing participant. (R. Doc. 14 at 2). In response, Chase argues that Plaintiff raises no allegations against the Sheriff in the Petition and Plaintiff has not stated a claim against the Sheriff that she can collect against. (R. Doc. 15 at 6).

In essence, Plaintiff alleges that the Sheriff performed an illegal foreclosure sale by failing to notify Plaintiff and her counsel prior to the sale. (R. Doc. 1-1 at 2). Plaintiff does not allege that the Sheriff was party to the alleged agreement between Plaintiff and Chase regarding the dismissal of Plaintiff's Petition for Preliminary Injunction in exchange for the acceptance of an application for loan modification and amended payment plan. Accordingly, the Sheriff cannot be held liable on any theory that he breached this alleged agreement.

While a sheriff may be held individually liable "in damages for wrongful and negligent acts committed by the sheriff while discharging the duties of his office," a sheriff "cannot be held liable" in executing of a writ of seizure and sale "where he complies with the terms of the writ." *Dixie Fed. Sav. & Loan Ass'n v. Pitre*, 498 So. 2d 112, 114 (La. App. 5th Cir. 1986). Accordingly, to the extent that Plaintiff is alleging that the "seizure was illegal because of the improper issuance of executory process, [her] remedy, if any [she] has, is against the party causing the writ to issue, not the Sheriff or persons acting under his direction who acted in accordance with the directive of the court." *Id*.

Plaintiff also alleges, however, that the sheriff failed to provide proper notice of the sale. The record indicates that the sale was first set for October 26, 2011, by the Sheriff pursuant to the writ of seizure and sale. (R. Doc. 10-6 at 79-82). Only after the dismissal of Plaintiff's Motion for Preliminary Injunction was the sale rest to December 10, 2014. (R. Doc. 10-10 at 2). Plaintiff acknowledges in his Motion to Remand that the Sheriff "reset" the sale of the subject property. (R. Doc. 14 at 1). Even assuming that the Sheriff could be held liable for failing to provide proper

9

notice of a sale, which this court need not decide, Louisiana law is clear that Plaintiff is only entitled to notice of the first sale date, not the second sale date. *Mitchell v. Valteau*, 30 So. 3d 1108, 1113 (La. App. 4th Cir. 2010) (citing La. C.C.P. art. 2721 and La. R.S. § 13:3852); *Chase Manhattan Mortg. Corp. v. Lassiter*, 889 So. 2d 1155, 1157-58 (La. App. 5th Cir. 2004) (same).

At least one court has concluded that a sheriff's citizenship can be ignored for determining diversity jurisdiction in a removed sheriff's sale. *See Davis v. Rutherford*, No. 09-cv-00096, 2009 WL 2599328, at *5 (S.D. W. Va. Aug. 20, 2009) (sheriff who collected taxes, listed and sold the property at issue, was a nominal party for determining whether removal was property.). Similarly, the Eastern District of Louisiana has held that a clerk of court may be considered a nominal party. *See Royal Alice Properties, LLC v. Atkins*, No. 12-cv-2937, 2013 WL 4434951, at *3 (E.D. La. Aug. 14, 2013) (Orleans Parish clerk of court, in effectuating the removal of a mortgage or lien, was a nominal party as she was only preforming a ministerial function). Louisiana courts have recognized the ministerial nature of a Sheriff's duties with regard to a foreclosure sale to the extent the Sheriff is acting in accordance with the writ of seizure. *See Dixie Fed. Sav. & Loan Ass'n*, 498 So. 2d at 114 ("[A] sheriff's duty is of a ministerial character; he is without right to question the legality or propriety of orders committed to him officially for execution.").

There does not appear to be, however, a federal district court decision holding that a sheriff involved in a foreclosure sale in Louisiana can be considered a nominal party for the purpose of determining complete diversity in the removal of an action challenging the legitimacy of that sale. Because Chase has not demonstrated that the amount in controversy requirement is satisfied, the court need not decide whether the Sheriff's role in the instant foreclosure sale was ministerial and, therefore, whether the Sheriff is a nominal party in this action.

## IV. Conclusion

The court has federal question jurisdiction over Plaintiff's substantive due process claims, and can exercise supplemental jurisdiction over Plaintiff's state law claims. The court does not have independent subject matter jurisdiction over Plaintiff's claims on the basis of diversity jurisdiction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **DENIED.**

Signed in Baton Rouge, Louisiana, on August 3, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**